**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SPECIAL COUNSEL<br>EX REL. JEFFREY MISSAL,<br>Petitioner, | DOCKET NUMBER<br>CB-1208-17-0025-U-8 |
| v. | |
| DEPARTMENT OF THE INTERIOR,<br>Agency. | DATE: June 7, 2018 |

# THIS STAY ORDER IS NONPRECEDENTIAL[1]

Lisa Powell, Esquire, Oakland, California, for the petitioner.

Thomas Devine, Esquire, Washington, D.C., for the relator.

Daniel T. Raposa, Washington, D.C., for the agency.

## BEFORE

Mark A. Robbins, Vice Chairman

## ORDER ON STAY EXTENSION REQUEST

Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 45-day extension of the previously granted stay of Mr. Missal's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

removal.  For the reasons discussed below, OSC's request is GRANTED, and the stay is extended through July 27, 2018.

## BACKGROUND

¶2    As properly described in the September 15, 2017 Order on Stay Extension Request, Mr. Missal was removed from his Environmental Protection Specialist position effective January 14, 2016, based on a charge of misconduct.  *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-2, Order on Stay Extension Request, ¶ 2 (Sept. 15, 2017).  On July 28, 2017, OSC requested a 45-day initial stay of Mr. Missal's removal.  *Id.*  OSC argued that it had reasonable grounds to believe that the agency removed Mr. Missal in retaliation for whistleblowing and other protected activity in violation of 5 U.S.C. § 2302(b)(8) and (b)(9)(C).  *Id.*  On August 2, 2017, OSC's initial stay request was granted.  *Id.*  On September 15, October 26, and December 8, 2017, and on January 19, March 13, and April 24, 2018, separate 45-day extensions of the stay were granted such that the stay is in effect through June 12, 2018.  *Id.*, ¶ 10; *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-7, Order on Stay Extension Request, ¶¶ 1-2, 7 (Apr. 24, 2018).

¶3    On May 25, 2018, OSC filed a timely request to extend the stay for an additional 45 days.  *Special Counsel ex rel. Jeffrey Missal v. Department of the Interior*, MSPB Docket No. CB-1208-17-0025-U-8, Stay Request File (U-8 SRF), Tab 2.  The agency has not opposed the request.

## ANALYSIS

¶4    A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter.  *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997).  The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice.  *Id.*  In evaluating a request for an extension of a stay, the

Board will view the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable. *Id.* at 158. The Board may extend the period of a stay for any period that it considers appropriate.[2] 5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 104 M.S.P.R. 141, ¶ 3 (2006).

¶5 In OSC's request for a seventh extension, OSC asserts that it has completed its investigation, it sent a prohibited personnel practice report to the Secretary of the Interior on October 12, 2017, the evidentiary record has not changed materially during the stay, and formal mediation efforts have ended unsuccessfully. U-8 SRF, Tab 2 at 2-3, 7. OSC further claims that the agency has until June 11, 2018, to respond to the prohibited personnel practice report. *Id.* at 4. OSC concludes that a stay is necessary to reduce Mr. Missal's hardship and it requests that he be held harmless during the resolution of his complaint. *Id.* at 4, 7. Viewing the record in the light most favorable to OSC and considering the fact that the evidentiary record supporting OSC's initial stay request does not appear to have changed materially since the initial stay was granted, an extension of the stay is appropriate. *See Waddell*, 104 M.S.P.R. 141, ¶ 6.

¶6 The length of the extension requires a separate determination. *Id.*, ¶ 7. The Board has recognized its obligation to press OSC to present corrective action cases in a timely manner. *Id.* Here, OSC did not file its initial stay request until 18 months after the effective date of Mr. Missal's removal, and the stay has been in effect for more than 10 months. *See Special Counsel ex rel. Jacobs v. Department of Justice*, 81 M.S.P.R. 493, ¶ 7 (1999) (considering the amount of time the stay had been in effect in deciding to grant an extension of a stay); *see*

---

[2] Recently enacted legislation allows an individual Board member to extend a stay under 5 U.S.C. § 1214(b)(1)(B) when the Board lacks a quorum. *See* Pub. L. No. 115-42, 131 Stat. 883 (June 27, 2017), *as amended by* Pub. L. No. 115-91, Sec. 1097(j), 131 Stat. 1283, 1625 (Dec. 12, 2017).

*also Special Counsel ex rel. Feilke v. Department of Defense Dependent Schools*, 76 M.S.P.R. 625, 628-30 (1997) (considering the passage of time from the effective date of the personnel action to the date of the initial stay request in deciding to grant an extension of a stay). Moreover, the agency has not opposed OSC's request for a 45-day extension of the stay. Further, pursuant to 5 U.S.C. § 1214(b)(2)(C), the agency has "a reasonable period of time" to correct a prohibited personnel practice before OSC may petition the Board for corrective action. A 45-day extension would allow OSC time to receive and review the agency's response to the prohibited personnel practice report and/or to file a petition for corrective action with the Board. In light of the factors discussed above, a 45-day extension of the stay is appropriate; thus, OSC's request is granted. *See Feilke*, 76 M.S.P.R. at 629-30 (granting a 45-day extension of the stay for OSC to receive the agency's response to OSC's request for voluntary corrective action and, if necessary, to file a corrective action petition with the Board).

**ORDER**

¶7        Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 45-day extension of the stay is hereby GRANTED, and it is ORDERED as follows:

(1)    The stay issued on August 2, 2017, is extended through and including July 27, 2018, on the terms and conditions set forth in that Order;

(2)    The agency shall not effect any changes to Mr. Missal's duties or responsibilities that are inconsistent with his salary or grade level, or impose upon him any requirement which is not required of other employees of comparable position, salary, or grade level;

(3)    Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order;

(4)     Any request for a further extension of this stay pursuant to 5 U.S.C. § 1214(b)(1)(B), as amended,[3] and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board and the agency, together with any further evidentiary support, on or before July 12, 2018; and

(5)     Any comments on such a request that the agency wants the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) and 5 C.F.R. § 1201.136(b) must be received by the Clerk of the Board on or before July 19, 2018.


FOR THE BOARD:                        _____
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.

---

[3] *See supra* n.2.